NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0710n.06
Filed: September 29, 2006

No. 05-4428

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**


WILLIAM TWADDLE, et al.,

     Plaintiffs-Appellants,

         v.

EDWARD DIEM, et al.,

     Defendants-Appellees.

On Appeal from the United
States District Court for the
Southern District of Ohio

_____/


**Before:**     **GUY, GILMAN, and ROGERS, Circuit Judges.**

    **RALPH B. GUY, JR., Circuit Judge.**    Plaintiffs appeal from the district court's

order (1) granting the motion of defendants Edward Diem and James Kibler, supervisors at

RKE Trucking Company, to dismiss the complaint; and (2) denying plaintiffs' motion to

consolidate this case with the pending action that these plaintiffs previously filed against

RKE Trucking.[1]  The two cases filed by these plaintiffs, which we will call *Twaddle I* and

*Twaddle II* for ease of reference, asserted the same causes of action against *different*

defendants to recover for the same failure to pay regular and/or overtime wages.  The heart

---

[1]The first action was filed by five plaintiffs, one of whom voluntarily dismissed his claims against RKE Trucking and did not join in this case.

of the district court's decision was the conclusion that this case was filed in an improper attempt to make an "end run" around the expired deadline for filing a motion to join parties or amend pleadings in *Twaddle I*. Plaintiffs argue both that the scheduling order in *Twaddle I* did not restrict their ability to bring other legal actions, and that they were not interested in "splitting" their claim but rather joining it through consolidation. After a review of the record, we find it was an abuse of discretion to dismiss this case on the merits and we therefore reverse.

## I.

Plaintiffs filed the first action, *Twaddle I*, in June 2004 against RKE Trucking only, asserting claims for violation of federal and state wage laws, breach of contract, and promissory estoppel. The magistrate judge entered a Preliminary Pretrial Order in October 2004 that provided, among other things, that "[m]otions addressing the joinder of additional parties and amendments to the pleadings may be filed, if at all, by February 2, 2005." Other deadlines included a discovery cutoff of June 1, 2005, and that motions for summary judgment be filed no later than July 1, 2005.[2]

In exchanging offers of settlement in early May 2005, counsel for RKE Trucking added, in closing, that other economic conditions were placing a heavy financial burden on the company such that it was possible that further litigation might result in bankruptcy. There is little question that the suggestion of bankruptcy was the spark that prompted plaintiffs to bring claims against Diem and Kibler, president and vice-president of RKE, as

---

[2]Plaintiffs objected to consideration of the pretrial order entered in *Twaddle I*, but it is a matter of record that we may take notice of, and the order was added by supplement to the record in this case.

"employers" under the definitions for federal and state wage laws. There is also no question that plaintiffs could have chosen to make an untimely motion to amend the complaint to add Diem and Kibler as defendants in *Twaddle I*, which would have required plaintiffs to show "good cause" for an extension of the expired deadline under Fed. R. Civ. P. 16(b) before leave to amend could be considered under Fed. R. Civ. P. 15(a). *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003). Plaintiffs did not choose that route, however.

Instead, plaintiffs filed a separate complaint on May 4, 2005. Diem and Kibler filed both an answer and a motion to dismiss the complaint in July 2005, which was met by plaintiffs' motion to consolidate this case with *Twaddle I*. The two cases were pending in the same federal district court before different district judges (although the same magistrate judge was assigned to each). Without citing to a court rule or case authority, the district court concluded that allowing plaintiffs to pursue the case would "arguably endorse the pursuit of wasteful, expensive, and duplicative litigation *if* claim-splitting became an issue." Also, "[c]oncerns about claim-splitting aside, granting the motion to consolidate would effectively endorse the strategic circumvention of judicial orders." Judgment dismissing the complaint was entered, and this appeal followed.

## II.

The district court's decision rested on its rejection of the plaintiffs' proffered reasons for filing a second action to assert the claims against Diem and Kibler. Plaintiffs explained that the claims in *Twaddle II* were brought in response to the threat of possible bankruptcy, and that they did not attempt to assert those claims by amendment in *Twaddle I* because any

delay in a decision on a motion to amend would have caused additional periods of lost pay to fall outside the statute of limitations. Although the second action was filed on the heels of the disclosure that RKE was in financial difficulty, the district court agreed with defendants that the risk of bankruptcy was present as soon as the complaint was filed in *Twaddle I*. The district court took umbrage at the suggestion that a motion to amend might not have been resolved in a timely way, noted that expedited consideration could have been requested, and pointed out that plaintiffs had alleged a wilful violation of federal wage and overtime laws for which the limitations period would be three years.[3]

To be sure, the claims asserted in *Twaddle II* could have been brought in *Twaddle I* either initially or by amendment. While the district court was not satisfied with the explanations of plaintiffs' counsel for not having done so, as we see it, the important question is whether plaintiffs were required to bring these claims in *Twaddle I*.

To start, plaintiffs contend that the pretrial scheduling order entered in *Twaddle I* did not address, let alone prohibit, plaintiffs from instituting another legal action. This is evident from the district court's finding that to allow this case to proceed would effectively endorse the strategic circumvention of the scheduling order in *Twaddle I*. Although Fed. R. Civ. P. 41(b) authorizes the involuntary dismissal on the merits for failure of the plaintiff to comply with any order of the court, the district court did not rely on this provision in dismissing the complaint in this case.

---

[3]Plaintiffs argue on appeal that the limitations bar was a real one as they had already been time-barred from seeking lost wages for pay periods more than three years before the complaint was filed in *Twaddle I*.

Nor has there been any suggestion that Diem and Kibler should have been joined as necessary parties to the first case. FED. R. CIV. P. 19. Rather, the district court's decision emphasized that if this action were permitted to proceed, it would be reasonable to expect that Diem and Kibler might seek to join RKE Trucking as a defendant in this case. The district court added that it could not see how RKE "would not be an indispensable party," which would cause RKE to face the prospect of dual litigation on the same issues. Whether or not RKE would be an indispensable party, dismissal of this case for nonjoinder would only be proper if RKE could not be joined as a party. *Id*. No impediment to joinder is apparent from this record. Further, the potential burdens of dual litigation would be addressed by the proposed consolidation. FED. R. CIV. P. 42(a) ("When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.").[4]

Although it seems that the district court stopped short of dismissing *Twaddle II* as duplicative of *Twaddle I*, defendants Diem and Kibler squarely argued for dismissal on that basis. "As between federal district courts, . . . though no precise rule [concerning the contemporaneous exercise of concurrent jurisdiction] has evolved, the general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States*, 424

---

[4]Consolidation would not raise the prospect of relation back because consolidation does not merge the suits into a single action, change the rights of the parties, or make parties in one suit parties in the other. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933) (interpreting predecessor of Rule 42(a)).

U.S. 800, 817 (1976) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). Faced with a duplicative suit, the federal court may exercise its discretion to stay or dismiss the suit before it, allow both federal cases to proceed, or enjoin the parties from proceeding in the other suit. *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).

"[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *see also Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001) (joining other courts that have held a district court may dismiss one of two identical pending actions). It is an abuse of discretion, however, to prevent a party from proceeding in a suit that is not truly duplicative. *Smith*, 129 F.3d at 361. Here, *Twaddle I* and *Twaddle II* were filed in the same court, arise out of the same facts, employ the same legal theories, and seek to recover for the same lost wages. The actions are not identical, however, because they were brought against different defendants.

Finally, defendants argued in the district court that filing two actions arising out of the same facts amounted to "claim-splitting," which this court strongly disapproved of in *Wilkins v. Jakeway*, 183 F.3d 528, 532 n.4, 534-35 (6th Cir. 1999) (by bringing two different suits which presented two different theories of the case arising from the same factual situation, counsel engaged in the precise behavior that the doctrine of *res judicata* seeks to discourage). As plaintiffs point out, however, *Wilkins* does not invite dismissals based on claim-splitting. In fact, despite what was described as a "classic case" of claim-splitting, this court reversed

entry of summary judgment on the grounds of *res judicata* (or claim preclusion) in favor of defendants. The court added an admonition that although the plaintiff had "lucked out" because the first case was not resolved by a final decision on the merits as to all of the defendants named in the second suit, "not every claimant who brings two separate suits arising from one mutual set of facts will be so fortunate." 183 F.3d at 535. This implies that plaintiffs engage in claim-splitting at the peril of having one case barred by the decision in the other. 18 James Wm. Moore, et al., MOORE'S FEDERAL PRACTICE § 133.51 (3d ed. 1997) (preclusion is the enforcement mechanism against claim-splitting); 1 AM. JUR. 2D *Actions* § 103 (penalty for violating rule against claim-splitting is that adjudication reached first in one action will have preclusive effect on the second action).

The filing of multiple federal actions arising out of the same facts is strongly discouraged, and plaintiffs take such a course at the peril that the adjudication of one case will have preclusive effect on the other. Here, there was no violation of a court order, no grounds for dismissal for nonjoinder, and no basis to conclude that the cases were duplicative. Accordingly, dismissal of the complaint on the merits is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this opinion.