NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0339n.06

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

Case Nos. 19-5592/5593/5646/5649

| | | |
|---|---|---|
| CHURCH JOINT VENTURE, L.P., | ) | **FILED** |
| Plaintiff-Appellant/Cross-Appellee, | ) ) ) | Jun 10, 2020 DEBORAH S. HUNT, Clerk |
| v. | ) ) | |
| EARL BENARD BLASINGAME; MARGARET GOOCH BLASINGAME; BLASINGAME FAMILY RESIDENCE GENERATION SKIPPING TRUST, | ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT |
| Defendants-Appellees/Cross-Appellants. | ) ) | OF TENNESSEE |
| | | OPINION |

**BEFORE STRANCH, BUSH, and LARSEN, Circuit Judges.**

**JOHN K. BUSH, Circuit Judge.** This appeal is the latest installment in the decade-long saga of the Blasingame family bankruptcy, which has involved two proceedings in the bankruptcy courts, two proceedings in the district court, an appeal to the Bankruptcy Appellate Panel, and two appeals to the Sixth Circuit. The Blasingames filed for bankruptcy in 2008. Church Joint Venture, a creditor in the original bankruptcy action, purchased all of the non-discharge related claims from the Blasingames' bankruptcy estate. Over the past decade, Church filed four lawsuits in bankruptcy court and the district court alleging, in one way or another, that various trusts of which the Blasingames are the beneficiaries may be reached by creditors, despite the spendthrift provisions in those trusts. In this action, Church filed suit in the U.S. District Court for the Western District of Tennessee, alleging that two of the trusts were self-settled, and thus reachable in

bankruptcy. The district court dismissed Church's complaint on res judicata grounds, or alternatively, because Church engaged in impermissible claim splitting. The Blasingames moved for Rule 11 sanctions to be imposed on Church for its barrage of lawsuits. The district court denied that motion. For the reasons stated below, we **AFFIRM** the district court in full.

## I.

This appeal arises from the fourth installment of Church Joint Venture's attempt to reach the Blasingames' assets in bankruptcy. Earl Benard Blasingame and Margaret Gooch Blasingame struck it big in the 1980s. They lived in a 5,700 square-foot mansion on a sprawling 28-acre estate with an in-ground pool, tennis courts, storage facilities, and barns. Times got hard for the Blasingames in the early 1990s, and they defaulted on loans secured by their personal residence and an approximately 205-acre tract of land adjacent to their residence, along with other real and personal property. With foreclosure looming, Earl's mother, Mavoureen Blasingame, stepped in to help avoid foreclosure when she established one of the trusts at issue in this litigation: the Blasingame Family Residence Generation Skipping Trust ("BRT"), with Earl and Margaret serving as trustees and Earl, Margaret, and their children serving as beneficiaries. Later, Mavoureen formed the other trust at issue here, the Blasingame Family Business Investment Trust ("BIT"), again with Earl and Margaret as trustees and their children as beneficiaries.[1]

In 2008, Earl and Margaret filed for Chapter 7 Bankruptcy in the U.S. Bankruptcy Court for the Western District of Tennessee. Because of the length and complexity of this dispute, some background of the prior four proceedings is helpful to understand the present appeal.

---

[1] Although the facts suggesting that Mavoureen Blasingame settled the BIT and BRT are not in the record below, we may take judicial notice of factual circumstances from a previous case involving the same parties. *See Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 157 (1969) (taking judicial notice of the record in prior, related litigation between the same parties for the purposes of identifying relevant circumstances). These background facts were stated in *Church Joint Venture, L.P. v. Blasingame*, 947 F.3d 925 (6th Cir. 2020).

**The 2009 Bankruptcy Proceeding ("BIT/BRT I")**

In 2009, the Bankruptcy Trustee and Church filed an adversary proceeding in the U.S. Bankruptcy Court for the Western District of Tennessee, which sought declaratory and injunctive relief against the BIT, the BRT, and the Blasingames. The complaint sought to deny the Blasingames their discharge in bankruptcy, to declare that certain entities, including the BRT, were the alter egos or reverse alter egos of the Blasingames, and that the Blasingames were the de facto owners of those entities, and to set aside and void fraudulent transfers by the Blasingames. In 2011, the Chapter 7 Trustee filed a motion to approve the sale of all the bankruptcy estate's claims and causes of action to Church. The bankruptcy court entered a Sale Order which gave Church the right to pursue claims on the trustee's behalf.

**The 2012 District Court Proceeding ("BIT/BRT II")**

In 2012, following the Sale Order, Church filed a complaint in the U.S. District Court for the Western District of Tennessee, alleging among other things, that the trusts had been used as instrumentalities of the Blasingames and as such the trusts' assets should be treated as the Blasingames' assets (thereby reachable by creditors). Church's first amended complaint alleged that "the Debtors . . . deposited their salaries, their substantial inheritances and personal assets into the shelter of the Trusts so as to render them 'self-settled' in whole or in part for the specific purpose of evading creditors." R. 15-6 (Case No. 12-CV-02999, R. 81 at PageID 1675). The district court dismissed the declaratory judgment claims but allowed two fraudulent transfer claims to go to trial. *Church Joint Venture v. Blasingame*, No. 12-2999, 2016 WL 3248044 (W.D. Tenn., Jan. 13, 2016).

In 2017, five years after filing its initial complaint in BIT/BRT II, and after the bankruptcy court dismissed the complaint for declaratory judgment in BIT/BRT III, *see infra*, Church filed a

3

motion for leave to amend its complaint in BIT/BRT II to add a claim that the trusts were self-settled and were thus reachable by creditors in bankruptcy. The district court denied Church's motion for leave to file a second amended complaint, holding that Church's argument "that it recently recognized its right to bring the self-settled trust claim is an inadequate reason for delay." R. 15-10 (No. 12-02999, R. 244 at PageID 6768). The district court further noted that Church's original complaint in BIT/BRT II alleged that the trusts were self-settled, and the proposed second amended complaint alleged the same, which established that Church believed that the Blasingames were using self-settled trusts to shield their assets from creditors. *Id*. The district court found that Mavoureen was the settlor of those trusts.

Church then appealed the dismissal and the denial of its motion for leave to amend. *Church Joint Venture, L.P. v. Blasingame*, 947 F.3d 925 (6th Cir. 2020) ("*Blasingame II*"). In that appeal we affirmed the dismissal of Church's claims of reverse alter ego and reverse veil piercing as unavailable under Tennessee trust law. *Id*. at 932. We further held that the district court did not abuse its discretion in denying Church leave to amend its complaint. *Id*. at 934.

**The 2017 Bankruptcy Court Proceeding ("BIT/BRT III")**

In 2017, Church filed an adversary proceeding in bankruptcy court seeking a declaratory judgment that the assets of the trusts were property of the bankruptcy estate. The bankruptcy court dismissed Church's complaint, and the Bankruptcy Appellate Panel affirmed. We then, in turn, affirmed the BAP. *In re Blasingame*, 920 F.3d 384 (6th Cir. 2019) ("*Blasingame I*"). We held that the Sale Order from BIT/BRT I included the "right to sue under *any* legal theory based on the same factual allegations in the first complaint—namely, factual allegations that the Blasingames and their trusts were one and the same." *Id*. at 393. Therefore, because Church tried to bring those

same factual allegations again, dressed up in a different legal theory, it lacked derivative standing to bring a claim for declaratory relief in the bankruptcy court. *Id.* at 395.

**The Current Proceeding ("BIT/BRT IV")**

After the district court denied Church's motion for leave to amend its complaint in BIT/BRT II, and while BIT/BRT II and BIT/BRT III were pending appeal in this court, Church filed the present case seeking a declaratory judgment that the BIT and the BRT were self-settled and thus reachable by creditors in bankruptcy. The district court dismissed Church's complaint as precluded by res judicata. The district court noted that Church's assertion—that the BIT/BRT IV complaint was the first time that it had raised affirmative claims for relief that the trusts were self-settled—"is not supported by the decisions of [the district court in BIT/BRT II or the Bankruptcy Court, B.A.P., and the Sixth Circuit in BIT/BRT III]." R. 25 at PageID 1970. The court concluded: "Because judgment has been entered in the 2012 Lawsuit [BIT/BRT II], any new claim predicated on legal theories which could have been used to support the 2012 complaint's claim for declaratory judgment are precluded by both the prohibition against claim splitting and the doctrine of res judicata." *Id.* at PageID 1971. The district court also denied the Blasingames' motion for sanctions under Rule 11, or in the alternative, 28 U.S.C. § 1927. It reasoned that, "due to the complexity of the issues and length of the prior litigation, [Church] could reasonably have believed that the present lawsuit was warranted. *Id.* at PageID 1972. Church and the Blasingames filed timely cross-appeals.

## II.

Where a district court dismisses a subsequent suit as duplicative, or barred by claim splitting, we review the district court's inherent discretionary authority to manage its own docket for an abuse of discretion. *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997). We review a district

court's decision whether to sanction a party for abuse of discretion also. *Williamson v. Recovery Ltd. P'ship*, 826 F.3d 297, 301 (6th Cir. 2016).

A.

Plaintiffs "must join all claims arising from the same set of facts in a single proceeding and cannot split them across multiple fora." *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004); *see Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 263 (6th Cir. 2019) (Moore, J., concurring)) ("The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011))). "Essentially, claim splitting is the same as res judicata, but with a presumption of a final judgment instead of an actual final judgment." *Id.* at 260. The prohibition against claim splitting requires the plaintiff to present all material relevant to a claim in the first action and permits the district court to dismiss a second action grounded in that same set of facts. *See* Restatement (Second) of Judgments § 25 (1982). "[P]laintiffs engage in claim-splitting at the peril of having one case barred by the decision in the other." *Twaddle v. Diem*, 200 F. App'x 435, 439 (6th Cir. 2006).

Church's claim for declaratory relief here is barred under the prohibition against claim splitting. When this complaint for declaratory judgment was filed, Church had two other lawsuits pending that sought declaratory relief that the Blasingames' trusts were reachable by their creditors in bankruptcy. Those lawsuits were both based in the same facts at issue here. Both lawsuits claimed, in one way or another, that the BIT and the BRT were self-settled trusts. They alleged that the Blasingames used the trust to shield their own assets from bankruptcy. That Church has dressed up those facts under what is ostensibly a different legal theory is of no consequence. *See Blasingame I*, 920 F.3d at 391; *Ellis*, 390 F.3d at 479 (noting that plaintiffs must join *all* claims

6

arising from the same set of facts in a single proceeding).  Therefore, the district court was within its discretion to dismiss the action because Church engaged in impermissible claim splitting.  *See Wilkins v. Jakeway*, 183 F.3d 528, 535 (6th Cir. 1999) ("[B]y bringing two different suits which present two different theories of the case arising from the same factual situation, counsel engaged in the precise behavior that res judicata [in the form defined here as claim splitting] seeks to discourage.").  And, as we put it in *Blasingame I*, "Permitting [Church] to re-assert factual allegations . . . would lead to the exact problems res judicata prevents: 'the expense and vexation' of multiple lawsuits, wasted 'judicial resources,' and the 'possibility of inconsistent decisions.'" 920 F.3d at 391–92 (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).

Therefore, because Church brought multiple suits based on the same set of facts across several fora, it engaged in impermissible claim splitting.  The district court was within its discretion to dismiss this case.

**B.**

The Blasingames maintain that the district court erred in denying their motion for sanctions under Rule 11 or 28 U.S.C. § 1927.  They claim that, in light of the prior rulings in BIT/BRT II and BIT/BRT III, it was not reasonable for Church to file this lawsuit asserting the same claims. The district court held that, given the complexity of the issues and the length of the prior litigation, Church could have reasonably believed that this lawsuit was warranted.  We find no abuse of discretion in the district court's ruling.

Under Rule 11, a court may sanction a party that makes court filings for an improper purpose or based on frivolous arguments.  Fed. R. Civ. P. 11.  The test for imposition of Rule 11 sanctions is "whether the individual's conduct was reasonable under the circumstances."  *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997) (quoting *Lemaster v. United*

*States*, 891 F.2d 115, 118 (6th Cir. 1989)). Sanctions under § 1927 are warranted when "[a]ny attorney . . . so multiplies the proceedings in any case unreasonably and vexatiously," 28 U.S.C. § 1927, and objectively "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (quotation omitted). "The lawyer need not have subjective bad faith but must act with something more than negligence or incompetence." *Carter v. Hickory Healthcare Inc.*, 905 F.3d 963, 968 (6th Cir. 2018) (internal quotation marks omitted).

The Blasingames maintain that it was improper for the district court to deny their motion for sanctions based on the "complexity of issues and length of the prior litigation." Second Br. at 31. Although it is true that Church filed strikingly similar complaints in the district court in BIT/BRT II and the bankruptcy court in BIT/BRT III, there is nothing in the record to indicate that the district court abused its discretion in declining to impose sanctions on Church. Given that res judicata rules surrounding declaratory judgments are complex, that there is no law in this circuit regarding whether denial of a motion for leave to amend a complaint constitutes a final judgment on the merits, and that *Blasingame I* noted that "[that ruling] d[id] not preclude Church from continuing to pursue [the BIT] outside of bankruptcy court," 920 F.3d at 395, it can hardly be said that the district court abused its discretion in not sanctioning Church.

### III.

For the reasons stated above, we **AFFIRM** the district court's decisions to dismiss this lawsuit and to deny the motion to impose sanctions on Church.